UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| AHMAD HOSSEINIPOUR, | ) | Case No.: 4:23 CV 2307 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| DALLAS COOK, *et al.*, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff Ahmad Hosseinipour filed this action *pro se* against Dallas Cook, Natasha Cook, and the Coitsville Police Department.  Plaintiff's Complaint is very brief.  He states that Dallas and Natasha Cook stole numerous items from him, including a truck, trailer, electric stove, wood burners, a digital lock, a fuel tank, copper pipes, and well water filter.  He states the police will not arrest them.  He does not assert a legal claim and does not indicate the relief he seeks from the Court.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2).  That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d

194, 197 (6th Cir. 1996).  An action has no arguable basis in law when a Defendant is immune from

suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*,

490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise

to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992);

*Lawler*, 898 F.2d at 1199.

　　　When determining whether the Plaintiff has stated a claim upon which relief can be granted,

the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual

allegations as true, and determine whether the Complaint contains "enough facts to state a claim to

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The

Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions,

and a formulaic recitation of the elements of a cause of action will not do."  *Id*.  Although a

Complaint need not contain detailed factual allegations, its "factual allegations must be enough to

raise a right to relief above the speculative level on the assumption that all the allegations in the

Complaint are true."  *Id*.  The Court is "not bound to accept as true a legal conclusion couched as

a factual allegation."  *Papasan v. Allain*, 478 U.S. 265, 286 (1986).  The Supreme Court in *Ashcroft

v. Iqbal*, 556 U.S. 662, 677-678 (2009), further explains the "plausibility" requirement, stating that

" a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to

draw the reasonable inference that the Defendant is liable for the misconduct alleged."  *Iqbal*, 556

U.S. at 678.  Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but

it asks for more than a sheer possibility that a Defendant acted unlawfully."  *Id*.  This determination

is a "context-specific task that requires the reviewing Court to draw on its judicial experience and

common sense."  *Id*.

## Analysis

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law.  *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).  Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve.  *Id.*  Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states."  28 U.S.C. § 1332(a)(1).  To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states.  The citizenship of a natural person equates to his domicile.  *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990).  The second type of federal jurisdiction relies on the presence of a federal question.  This type of  jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case.  Plaintiff lists his address as Youngstown, Ohio.  He gives no indication that he is a citizen of another state.  The Coitsville Police Department

is also in Ohio.  Moreover, although Plaintiff states the post office told him that Natasha and Dallas

Cook were in Michigan, he has not established that they are citizens of Michigan.  For purposes of

determining whether diversity jurisdiction exists, residence and citizenship are not equivalent.  *See*

*Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).  The citizenship

of an individual for diversity purposes is his or her state of domicile.  *Napletana v. Hillsdale College*,

385 F.2d 871, 872 (6th Cir. 1967).  To acquire a domicile within a particular state, a person must be

physically present in the state and must have the intention to make his home there indefinitely.

*Deasy v. Louisville & Jefferson Cnty. Metro. Sewer Dist*., 47 F. App'x 726, 728 (6th Cir. 2002).  A

plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the

court's jurisdiction.  Fed.R.Civ.P. 8.  In a diversity action, the Plaintiff must be a citizen of a

different state than all of the Defendants.  *Washington v. Sulzer Orthopedics, Inc.,*  No. 03-3350,

2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003).  The Complaint, as written, suggests that the

Plaintiff and at least one of the Defendants are citizens of Ohio.  Federal subject matter jurisdiction

cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal

law.  In determining whether a claim arises under federal law, the Court looks only to the

"well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise*.*

*Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).  Although the

well-pleaded-complaint rule focuses on what Plaintiff alleges, it allows the Court to look past the

words of the Complaint to determine whether the allegations ultimately involve a federal question.

*Ohio ex rel. Skaggs*, 549 F.3d at 475.  Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy

the benefit of a liberal construction of their pleadings and filings.  *Boswell v. Mayer*, 169 F.3d 384,

4

387 (6th Cir. 1999).  Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'"  *Haines*, 404 U.S. at 520.  Even with that liberal construction, however, Plaintiff  failed to properly identify a federal claim in this case and none is apparent on the face of the Complaint.  Federal jurisdiction cannot be based on a federal question.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e) for lack of subject matter jurisdiction. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted.

IT IS SO ORDERED**.**

*/s/ SOLOMON  OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

March 11, 2024

----

[1]      28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.